**DE CHUN WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] United States Department of Justice, Respondents.**

No. 07–2806–ag.

United States Court of Appeals, Second Circuit.

Feb. 1, 2008.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, Brianne Whelan Cohen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner De Chun Wang, a native and citizen of the People's Republic of China, seeks review of a June 12, 2007 order of the BIA affirming the September 27, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Wang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re De Chun Wang*, No. A 98 715 210 (B.I.A. June 12, 2007), *aff'g* No. A 98 715 210 (Immig. Ct. N.Y. City Sept. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-mer Attorney General Alberto R. Gonzales as a respondent in this case.

and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). However, when the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

Substantial evidence supports the IJ's adverse credibility determination, which was based in large part on inconsistencies between Wang's testimony and his asylum application concerning: (1) whether his father practiced Falun Gong; (2) the length of his detention; (3) the nature of the beatings he received during his detention; (4) when he discovered that his parents had fled their home because police were trying to arrest them; and (5) his residence after his parents allegedly left their home. *See Zhou Yun Zhang,* 386 F.3d at 73 & n. 7. A reasonable factfinder would not be compelled to credit Wang's explanation for these inconsistencies—specifically, that he did not understand the question or misspoke in giving his answer. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Additionally, Wang's statement that he could not remember the length of his detention or the details of his beatings did not explain why he had been able to remember those details while filling out his

asylum application but not while he testified before the IJ. *Id.*

Wang's argument that the inconsistencies upon which the IJ relied are minor and immaterial to his claim is unavailing for two reasons. First, his claim is governed by the amendments made to the Immigration and Nationality Act brought about by the passage of the REAL ID Act of 2005, Div. B of Pub.L. No. 109–13, 119 Stat. 302, 303 (2005). Under these amendments, the IJ is not required to find a nexus between inconsistencies and the "heart of the claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (B.I.A.2007). Second, even under the pre-REAL ID Act standard, the discrepancies described above did concern matters central to Wang's claim; indeed, the discrepancies call into question whether Wang or his family ever had been detained or even investigated for their practice of Falun Gong. Cf. 8 U.S.C. § 1101(a)(42); *Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). As such, the IJ properly relied upon the unexplained inconsistencies between Wang's testimony and his asylum application.

To the extent that Wang challenges the IJ's other findings supporting the adverse credibility determination, we decline to consider these arguments because even if there were error, remand would be futile as it can be confidently predicted that the agency would reach the same conclusion upon such remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006). Ultimately, substantial evidence supported the IJ's denial of asylum because, taken together, the findings properly relied upon by the IJ provided ample support for the adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Liang Chen v. U.S. Attorney General,* 454 F.3d 103, 106 (2d Cir.2006). Because the

only evidence that Wang would be persecuted or tortured depended upon his credibility, the adverse credibility determination in this case also precludes success on his withholding of removal and CAT claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

Because Wang does not challenge in his brief to this Court the BIA's finding that the IJ did not violate his due process rights, any challenge to that finding has been waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal is DISMISSED as moot.